Denver WITHAM *v.* STATE of Arkansas

CR 75-65                                    527 S.W. 2d 905

Opinion delivered September 22, 1975

*Kenneth C. Coffelt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Upon a charge of having murdered Tommy Stanley Wells by beating, a jury found the appellant Denver Witham guilty of first degree murder and fixed his punishment at life imprisonment. For reversal he makes the contentions hereinafter discussed.

*Sufficiency of Evidence:* The record shows that appellant Denver Witham and Johnnie Witham were cousins. The two Withams and Tommy Stanley Wells were seen leaving a place known as "The Texas Lounge" about 1:30 a.m. March 12, 1974. John Tucker testified that he saw the deceased get in the back seat of Denver Witham's automobile and that Johnnie Witham and Denver drove off with Denver doing the driving. The body of Tommy Stanley Wells, beaten beyond recognition, was discovered on the China Grove Cemetery Road after daylight the same day by William Holloway, a logging contractor. The tire tracks at the scene where the deceased's body was found matched the rear tires on Denver's automobile.

Linda Clark testified that she had a child by Denver out of wedlock and that she had spent the night of March 11th at the home of Denver's parents. She testified that about 2:30 or 3:00 a.m. March 12th, Denver and Johnnie came into the house. According to her testimony, Denver was crying and told his mother that he and Johnnie had beaten a man to death. Denver had a little blood on his shirt and in his hair. Johnnie was so bloody that he went into the bathroom and changed clothes. She said that Denver told Johnnie to go out in the car and get the piece of pipe that Denver identified as the murder weapon. She said that Johnnie, at Denver's instructions, went out and washed the blood off the hood, windshield and driver's side of the automobile.

The medical evidence confirmed that the deceased was killed by a blow from a blunt instrument which was compared to that which would happen if one used a baseball bat with the force applied by a big league baseball player.

Denver's testimony was that he got drunk at "The Texas Lounge" and then crawled in the back seat of his automobile and went to sleep. He said that he remembered nothing that occurred until he woke up on the couch in his parent's home the next morning. His mother and sister corroborated his story that he was asleep in the back seat of the automobile when he got home and also testified that they went out and got him to come in and sleep on the living room couch. Both the mother and sister admitted that Johnnie Witham was

bloody. However, they testified that Johnnie only told them that he had been in a fight and that they knew nothing about the killing until someone told them about reading it in the paper.

It was for the jury to resolve the conflicts in the testimony, and on the record, we find that there is substantial evidence to support the jury's verdict.

*Suppression of Evidence:* In his motion for new trial appellant alleged that the State wrongfully suppressed evidence that would have been favorable to him. At the hearing thereon, he testified that after the trial Johnnie Witham stated in front of others, including law enforcement officials, that Denver had nothing to do with the killing. The record of that hearing shows that Johnnie was tried and convicted of the murder of Wells before Denver's trial, but that he did not take the stand to testify in his own behalf. The prosecution had Johnnie subpoenaed as a witness in Denver's trial but did not call him. Furthermore, when Johnnie was called as a witness by Denver, at the hearing on the motion for new trial, Johnnie refused to testify on the ground that it might tend to incriminate him since his conviction was then on appeal.

The authorities generally recognize that the State cannot be charged with wrongfully suppressing evidence of which it had no knowledge or that was equally available to both the prosecution and the defense. See *Jordan* v. *Bondy,* 114 F. 2d 599 (D.C. Cir. 1940). Here the evidence, of which the appellant complains, could only have been given by Johnnie Witham, and since he invoked the privilege against self-incrimination when appellant sought to produce such evidence, we are unable to see how any action on the part of the State prevented the production of such evidence. Furthermore, the record as presented does not show that the State had any knowledge of such evidence before appellant's trial.

*Excessive Judgment:* Finally, appellant argues that the penalty of life imprisonment should be reduced because it is highly excessive under the record presented. We find no merit in this contention. The killing here was a brutal one. The evidence on the part of the officers showed that the deceased's

body had been stripped of all valuables except a class ring when it was found. If the testimony of Linda Clark can be believed, it would indicate that perhaps appellant stripped the deceased of his valuables. Also, the record shows that appellant had been convicted and sentenced to the State prison on two previous occasions — one time for burglary and grand larceny and one time for voluntary manslaughter.

Affirmed.